UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      Case No.: 8:15-cr-98-VMC-JSS

RICAURTE CAMBINDO-CAICEDO and
JAIME VALENZUELA-MINA

_____/

**ORDER**

This cause comes before the Court pursuant to the pro se Motions to Reduce Sentence filed by Defendants Ricaurte Cambindo-Caicedo and Jaime Valenzuela-Mina (Doc. ## 101, 103). The United States responded to both Motions on April 11, 2022. (Doc. ## 105, 106). For the reasons given below, both Motions are denied.

In 2015, this Court sentenced both Cambindo-Caicedo and Valenzuela-Mina to 135 months' imprisonment for being involved in a conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 66, 71).

The Motions filed by Cambindo-Caicedo and Valenzuela-Mina that are currently before the Court are virtually identical. See (Doc. ## 101, 103). The Motions state that the

1

Defendants are not eligible for "time credits" toward release due to their immigration detainers and argue that this is unjust. (Id.). According to the Motions, they are being "forced" to serve longer sentences solely on the basis of their immigration status. (Id.).

The United States responds that the Motions do not seek a sentence reduction under any cognizable statute or theory and should be denied. (Doc. ## 105, 106). Further, the United States appears to argue that both Defendants have failed to exhaust their administrative remedies. (Id.).

District courts may only amend a sentence post-judgment in certain enumerated circumstances: (1) pursuant to 18 U.S.C. § 3582(c); (2) pursuant to Federal Rule of Criminal Procedure 35; or (3) if the sentence is outside the guideline range, pursuant to 18 U.S.C. § 3742. 18 U.S.C. § 3582(b). "[A] judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court" except in the limited circumstances set forth in Section 3582(b). Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations and citation omitted).

Here, Cambindo-Caicedo and Valenzuela-Mina do not invoke any of the statutes or rules under which this Court may reduce

a sentence. Nor may the calculation of time-served credits reasonably be considered to fit within any of those statutes or rules – it does not involve compassionate release under Section 3582(c)(1), the sentencing range has not been lowered under Section 3582(c)(2), it is not a reduction for substantial assistance under Rule 35, and it is not a reduction due to an incorrect or other impermissible application of the guidelines.

What's more, the Bureau of Prisons (BOP) has exclusive authority to determine sentence credits. See United States v. Wilson, 503 U.S. 329, 330, 333-35 (1992) (explaining that "[a]fter a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence" and that responsibility for determining sentence credits likewise lies with the BOP).

Simply put, the Court does not have the authority to grant these individuals the relief they seek. Accordingly, their Motions must be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Motions to Reduce Sentence filed by Defendants Ricaurte Cambindo-Caicedo and Jaime Valenzuela-Mina (Doc. ## 101, 103) are **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4